**QI GUANG XIAO, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–4083–AG.**

United States Court of Appeals, Second Circuit.

Jan. 30, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

David E. O'Meilia, United States Attorney for the Northern District of Oklahoma, Neal B. Kirkpatrick, Assistant United States Attorney, Tulsa, Oklahoma, for Respondent.

PRESENT: HON. ROGER J. MINER, HON. DENNIS JACOBS, and HON. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 30th day of January, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qi Guang Xiao, through counsel, petitions for review of the BIA's decision affirming an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Ordinarily, this Court reviews the BIA's decision. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). However, when the BIA's decision affirms the IJ's holding but modifies or supplements it, this Court will review the IJ's decision as modified or supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). In this case, the BIA cites to two grounds in support of the IJ's adverse credibility finding. Therefore, the BIA modified the IJ's adverse credibility finding, and this Court will review only those factors stated by the BIA.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279 286–88 (2d Cir.2000).

The IJ correctly noted, and the BIA properly affirmed, that Xiao's testimony was inconsistent regarding his wife's return from the hospital. It is clear from the record that Xiao was inconsistent about when his wife returned home, whether he saw her return home, and whether she contacted him from the hospital. If an explanation is provided for inconsistencies in testimony and other documents, an IJ must address and consider them. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 403 (2d Cir.2005) (citing *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 149–50 (2d Cir.2003)). If an IJ determines that the explanations were not sufficient to overcome the inconsistencies, this Court can overturn the IJ's determination

only if a reasonable fact-finder would have been compelled to credit the explanation. *Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (citing *Zhou Yun Zhang,* 386 F.3d at 76). In this case, the IJ's rejection of Xiao's explanations for his inconsistencies was supported by substantial evidence and does not compel a different result. Therefore, the BIA's reliance on this factor to support the IJ's adverse credibility finding was proper.

The BIA also noted in its opinion that the IJ's adverse credibility finding was correct because Xiao omitted information regarding his wife going into hiding from his written asylum application. However, the IJ did not cite this as a factor for the adverse credibility finding in his decision. The BIA's decision is flawed because it erroneously states that the IJ did rely on this in making his adverse credibility determination.

This Court stated that where an adverse credibility determination is based, in part, on flawed grounds, remand is not required "where (1) the adjudicator explicitly rested its conclusion on alternative grounds, one of which is sustainable; (2) the adjudicator relied so little on the error-infected aspect of its reasoning, that there is no realistic possibility of a different result on remand; or (3) the evidence so overwhelmingly supports the IJ's finding that, notwithstanding identified errors, there is no realistic possibility of a different result on remand." *Cao He Lin,* 428 F.3d at 395.

In this case, the BIA's reliance on Xiao's inconsistencies regarding his wife's return home from the hospital after her abortion is sufficient to support the overall adverse credibility finding.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).